# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:14CV-00071-JHM**

**KAREN ROOF**                                                                                 **PLAINTIFF**

**VS.**

**BEL BRANDS USA, INC., et al.**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a bill of costs submitted by Defendant Bel Brands USA requesting the Court to tax costs in the amount of $4,747.45 against the Plaintiff Karen Roof [DN 71] pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Plaintiff filed objections to Defendant's bill of costs and a request for a hearing [DN 77]. The Court finds that a hearing on the bill of costs is not necessary. Plaintiff also filed a motion for extension of time to file an appeal until after the disposition of all post-judgment motions pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(i) [DN 72]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

Plaintiff filed this lawsuit in state court on June 5, 2014, alleging employment discrimination, retaliation, and state law claims of promissory estoppel, negligent hiring, and civil conspiracy. Defendant removed the action to this Court. The Court denied Plaintiff's motion to remand and granted Defendant's motion to dismiss all the claims. Plaintiff appealed to the Sixth Circuit who affirmed dismissal of all counts, except for her claim of sex discrimination for failure to promote. On remand, the parties took four depositions, and thereafter, Defendant moved for summary judgment. The Court granted Defendant's motion for summary judgment, entered judgment in favor of Defendant, and dismissed Plaintiff's complaint with prejudice. Defendant

now moves for recovery of costs in the amount of $4,747.45.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). See Ford v. FedEx Supply Chain Servs., Inc., 2009 WL 1585849, *1 (W.D. Tenn. June 3, 2009) ("There is "a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d)."). Therefore, "[t]he party objecting to the taxation bears the burden of persuading the Court that taxation is improper." Roll v. Bowling Green Metal Forming, LLC., 2010 WL 3069106, *2 (W.D. Ky. Aug. 4, 2010) (citing BDT Prods., Inc. v. Lexmark Intern., Inc., 405 F.3d 415, 420 (6th Cir. 2005), overruled on other grounds by Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 560 (2012)). In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), the Supreme Court held that a district court may award costs only for those elements contained in 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## III.  DISCUSSION

Plaintiff asks the Court to deny the bill of costs because: (A) Plaintiff acted in good faith and with propriety during the course of the litigation; (B) the case was close and difficult; (C) Plaintiff was a "prevailing party in litigation" when the Sixth Circuit reversed and remanded her sex discrimination claim back to the district court; (D) awarding costs to a prevailing employer defendant would have a chilling effect on an employee plaintiff in discrimination suits because they would be dissuaded from seeking justice for violations of their statutory civil rights; and (E) the bill of costs includes a number of unnecessary, unreasonable, and unsubstantiated charges. Plaintiff cites White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986), in support of her argument.

Courts have discretion to decline awarding costs when "'it would be inequitable under all the circumstances in the case.'" Smith v. Joy Techs., Inc., 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015)(quoting Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." Smith, 2015 WL 428115, *1 (quoting White & White, Inc., 786 F.2d at 730).

### A. Good Faith

"The good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations." White, 786 F.2d at 731 (citing Coyne-Delany Co. v. Capital Development Bd. Of State of Ill., 717 F.2d 385, 390 (7th Cir. 1983). However, "[g]ood faith without more . . . is an

insufficient basis for denying costs to a prevailing party." White, 786 F.2d at 731.

B. **Closeness and Difficulty of the Case**

"The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." White, 786 F.2d at 732–33. "Cases that courts have considered 'close' include those involving patent validity and complex antitrust issues." Smith, 2015 WL 428115, *1. For example, "the antitrust trial in White lasted 80 days, 'required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion.'" Id. (quoting White & White, Inc., 786 F.2d at 732).

Here, the case did not reach the level of complexity involved in cases like those in patent or antitrust litigation. The main issue in the case was whether Bel Brands USA, Inc., engaged in sex discrimination of Karen Roof by failing to promote her. Contrary to Plaintiff's argument, a finding by the Court that Plaintiff established a prima facie case of sex discrimination does not evidence the case's complexity. Satisfying the prima facie case of a discrimination claim does not mean the case was "close." Neither the law nor the evidence in this case "was sufficiently difficult to warrant the denial of costs." Smith, 2015 WL 428115, at *3.

C. **Roof as Prevailing Party**

Roof maintains that she was a prevailing party in the litigation because she prevailed on her appeal of the Rule 12(b)(6) dismissal of her sex discrimination claim. Additionally, Plaintiff contends that she prevailed on a discovery dispute, and she may very well prevail again at the Sixth Circuit. As a result, Plaintiff maintains that all costs should be denied.

"A party is the prevailing party where (1) it receives 'at least some relief on the merits of [its] claim' and (2) there is a 'judicially sanctioned change in the legal relationship of the parties.'"

4

Vogel v. E.D. Bullard Co., 2015 WL 12977019, at *1 (E.D. Ky. Mar. 10, 2015)(quoting Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc., 679 F.3d 410, 425 (6th Cir. 2012) (citing Buckhannon Board and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603-605 (2001))). "When the results of a case are mixed, however, both parties have 'prevailed.'" Vogel, 2015 WL 12977019, at *1 (citing Mills v. City of Barbourville, 389 F.3d 568, 581 (6th Cir. 2004) (concluding that when both plaintiff and defendants prevailed in part, the defendants could not be considered a "prevailing party" and each party should bear its own costs); Lynch v. Sease, 2007 WL 2844962, *2 (E.D. Ky. Sept. 28, 2007) (holding that each party would bear its own costs and expenses when both prevailed on certain claims)).

Here, Plaintiff did not receive relief on the merits of her claims and did not achieve a change in the legal relationship of the parties. Thus, in the present case, Defendant is the single "prevailing party" for purposes of awarding costs.

**D. Chilling Effect on Litigation**

Plaintiff maintains that employers have a great incentive to erode discrimination laws. And maneuvers such as this Bill of Costs has a chilling effect on litigation by sending a message that no matter what discrimination one suffers in the workplace, a plaintiff will be forced to pay the employer's cost if he or she loses.

A review of the case law reflects that costs have long been available and awarded to prevailing parties in employment discrimination lawsuits. "The fact that a prevailing party prosecutes its rights under the Federal Rules of Civil Procedure to an award of costs cannot be seen as chilling the flow of litigation." Reger v. The Nemours Foundation, Inc., 599 F.3d 285, 289 (3d Cir. 2010). "After all, the Rules presume that the prevailing party is entitled to costs. It is incumbent on an attorney to explain the risks of litigation to his or her client—including the risk

that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful." Id. See also Frye v. Baptist Memorial Hosp., Inc., 507 Fed. Appx. 506 (6th Cir. 2012)(citing Reger with approval).

Accordingly, the Court concludes that awarding costs to Defendant would not have an unwarranted chilling effect on future sex discrimination claims.

**E. Unnecessary, Unreasonable, and Unsubstantiated Charges**

Defendant represents that it incurred costs in the amount of $400 for the initial filing fee to remove the action to this Court and $255 for *pro hac vice* fees for Cintra McArdle, Richard McArdle, and Ashley Laken. Defendant incurred $4,042.45 in taxable costs in the area of court reporter appearance fees and deposition transcript fees in connection with the depositions of Karen Roof, Rodney Inman, Paul Meyers, and Hyrum Horn. Defendant represents that all of these depositions were necessary and relied upon by the parties in briefing Defendant's motion for summary judgment. Defendant also incurred photocopying costs of $50.

Plaintiff argues that Defendant, who in 2016 estimated a consolidated net profit of $213 million, seeks recovery for a bill of costs for $4,747.45. Plaintiff maintains that Defendant has knowingly and purposefully caused excessive and unnecessary fees in this litigation and should be forbidden from receiving these costs. Plaintiff did not specifically object to the initial filing fee or the photocopying costs.

*1. Net Profit of Defendant*

The Sixth Circuit has "identified factors that a district court should ignore when determining whether to exercise its discretion and deny costs, including . . . the ability of the prevailing party to pay his or her costs." White, 786 F.2d at 730 (citing Lewis v. Dennington, 400 F.2d 806, 819 (6th Cir. 1968)). Accordingly, the Court did not consider the 2016 net profit of

6

Defendant.

## 2. *Fees for Printed or Electronically Recorded Transcripts*

Defendant seeks to recover $4,042.45 as costs for fees for printed or electronically recorded transcripts obtained for use in this case. Deposition expenses are generally taxed as costs under §1920. Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989). However, "not all of the costs associated with these depositions are taxable." Charboneau v. Severn Trent Laboratories, Inc., 2006 WL 897131, *3 (W.D. Mich. Apr. 6, 2006). Plaintiffs object to the requested costs on the grounds that the costs are unreasonable, unnecessary, not accurate, or unsubstantiated.

### a. Veritext Corp. Midwest Regional Invoice #CHI2936325

Plaintiff objects to the cost for videography and video services in the amount of $1,625.50 charged by Veritext Corp Midwest Regional for the deposition of Karen Roof arguing that these services were unreasonable and unnecessary because Plaintiff would necessarily be required to be present at the jury trial. Plaintiff also submits the affidavit of Eric Soergel, a partner at the firm of Chuppe Soergel Abell & Arnold, a Louisville, Kentucky based court reporting company. Soergel averred that he has been a court reporter for 34 years and is familiar with the costs of court reporting services in the area. [DN 75-1, Soergel Affidavit]. Soergel averred that the video deposition costs charged by Veritext to be price gauging. Soergel indicated that his firm would have charged $425 less on the hourly fee and would not have charged a $328 set up/breakdown fee. Accordingly, the invoice would have been $753 less than what was charged if his firm had conducted the video deposition. Id.

Title 28 U.S.C. § 1920 permits recovery of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The Sixth Circuit "accords with

7

other circuit and district courts in recognizing that video deposition costs are taxable under § 1920 and that both stenographic transcripts and videotaped depositions, together, may be taxed." Graham v. City of Hopkinsville, Ky., 2013 WL 4456685, *2 (W.D. Ky. Aug. 16, 2013); Hyland v. HomeServices of America, Inc., 2013 WL 1904513, *3 (W.D. Ky. May 7, 2013)(citing BDT Products, 405 F.3d at 420 (holding that "videotape depositions are taxable under § 1920" and that "it was proper to tax both the cost of videotaping and transcribing the deposition")). Accordingly, the cost of the video deposition of Roof is recoverable.

Notwithstanding, the Court finds that Plaintiff presents sufficient evidence that the hourly fee for the cost of the video deposition was excessive, as well as the set up/break down fee. As noted above, the party objecting to the taxation bears the burden of persuading the Court that taxation is improper. Plaintiff offered such evidence, and Defendant did not present evidence to the contrary. Therefore, the Court will permit costs in the amount of $872.50 for the video deposition of Karen Roof.

### b. Veritext Corp. Midwest Regional Invoice #CHI29400247

Plaintiff objects to the cost of transcript services for the deposition of Karen Roof in the amount of $1,402.50 as being unreasonable and professional attendance in the amount of $422.50 as being unnecessary, unreasonable, and in bad faith. Court reporter Soergel represents that "the invoice[ is] quite a bit higher than what Chuppe Soergel Abell & Arnold, LLC would have charged." [Id. at ¶ 5.] Court reporter Soergel also avers that the $422.50 appearance fee (Professional Attendance) is not customary or normal. It does not appear that Plaintiff objects to the exhibit management fee in the amount of $54.45 or shipping in the amount of $22.50.

Plaintiff fails to set forth sufficient evidence to satisfy her burden with respect to the hourly fee for transcription services. Soergel merely represents that the invoice is quite a bit higher than

his firm would charge. However, Plaintiff does satisfy her burden with respect to the appearance fee, as Defendant offers no evidence to the contrary. Therefore, the Court will permit costs in the amount of $1479.45 for the transcript services for Roof's deposition.

### c. Magna Legal Services, Invoice #333191

Plaintiff objects to the cost in the amount of $264.60 for the certified transcript of Hyrum Horn because it was not accurate and unsubstantiated. Specifically, Plaintiff indicates that Magna Legal Services created a terrible transcript. Plaintiff relies on the affidavit of Eric Soergel who indicated that if a transcript is released with errors and if the errors are not subsequently corrected, his company would not charge for the transcript. Defendant represents that Plaintiff fails to disclose that her lawyer selected Magna Legal Services. The Court overrules Plaintiff's objection to the cost of this transcript. The errors noted by Plaintiff did not affect the disposition of the case.

### 3. *Pro Hac Vice* Fees

Plaintiff objects to the *pro hac vice* fees of three attorneys because Bel Brands had competent counsel in Kentucky, Caroline Pieroni, and therefore it was an unnecessary expense. Courts are split on whether a court may appropriately tax *pro hac vice* fees to the non-prevailing party. Compare Kalitta Air L.L.C. v. Central Tex. Airborne Sys., Inc., 741 F.3d 955, 957–58 (9th Cir. 2013) (per curiam) (not taxing *pro hac vice* fees), with Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 896 (8th Cir. 2009) (taxing *pro hac vice* fees). The Sixth Circuit has not clarified whether *pro hac vice* fees are an appropriate taxable cost under § 1920. Smith v. Joy Techs., Inc., 2015 WL 428115, at *5 (E.D. Ky. Feb. 2, 2015).

Previously relying on Roll v. Bowling Green Metal Forming, LLC, 2010 WL 3069106, at *2 (W.D. Ky. Aug.4, 2010), the undersigned concluded that "'a *pro hac vice* filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs.'" Madison Capital Co., LLC v. S & S

Salvage, LLC, 2011 WL 3667673, at *1 (W.D. Ky. Aug. 22, 2011)(quoting Roll, 2010 WL 3069106, *2). Further, the undersigned noted that "[a] *pro hac vice* fee is a fee paid to the clerk and is, therefore, recoverable under § 1920(1)." Madison Capital Co., LLC v. S & S Salvage, LLC, 2011 WL 3667673, at *1 (W.D. Ky. Aug. 22, 2011). But see Smith v. Joy Techs, Inc., 2015 WL 428115, at *5 (E.D. Ky. Feb. 2, 2015)(Thapar, J)(*pro hac vice* fees are not taxable).

Accordingly, based on the Court's previous decisions, the Court will permit Defendant to recover these costs.

### IV. MOTION EXTENSION OF TIME

On September 26, 2017, the Court granted Defendant's motion for summary judgment and entered a judgment in favor of Defendant. Pursuant to Federal Rule of Appellate Procedure 4(a), Plaintiff was required to file a notice of appeal with the district court within 30 days of September 26, 2017. FRAP 4(a)(1)(A). On October 18, 2017, Plaintiff filed this motion for extension of time to file an appeal after all post-judgment motions have been ruled upon pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(i). Specifically, Plaintiff indicates that "[i]n order to preserve all rights Roof has for a possible appeal to the Judgment, she is filing this motion for an extension of time so the court may adjudicate the bill of costs issue before Roof is forced to decide whether to appeal the Judgment." (Plaintiff's Motion [DN 72] at 2.)

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). "[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "'The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction.'" Peery v. C.I.R., 610 Fed. Appx. 566, 567 (6th Cir. 2015) (quoting Rhoden v. Campbell, 153 F.3d 773, 774 (6th Cir. 1998));

Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir. 1989) (citations omitted).

"The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "'Good cause will be found where forces beyond the control of the [movant] prevented [the] filing of a timely notice of appeal.'" JBlanco Enterprises v. Soprema Roofing and Waterproofing, Inc., 2017 WL 1838700, at *1 (N.D. Ohio May 8, 2017), aff'd, 2017 WL 5634299 (6th Cir. Nov. 20, 2017)(quoting Nicholson v. City of Warren, 467 F.3d 525, 526 (6th Cir. 2006) (citing Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630 (1st Cir. 2000)). "'The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.'" JBlanco Enterprises, 2017 WL 1838700, at *1 (quoting 16A Fed. Prac. & Proc. Juris. § 3950.3 (4th ed.) (quoting Fed. R. App. P. 4(a)(5)(A)(ii) 2002 advisory committee's notes)).

While Plaintiff moved for an extension of time to file the appeal within the 30 day period for filing an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), the Plaintiff is still required to demonstrate good faith or excusable neglect. The decision of whether to appeal this matter or awaiting a decision by a court on whether to award costs are "typical of the circumstances experienced by any litigant when considering whether to appeal . . . [and] do not establish either 'good cause' or 'excusable neglect.'" Jasnosz v. J.D. Ott Co., 2011 WL 5208367, at *1 (W.D. Wash. Oct. 31, 2011). As a result, Plaintiff's motion for extension of time is denied.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that costs are awarded in

favor of Defendant and against Plaintiff in the amount of $3,571.95.

**IT IS FURTHER ORDERED** that the motion for extension of time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(i) [DN 72] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

January 11, 2018